IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHWESTERN UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>MODERNA, INC., MODERNATX, INC., and MODERNA US, INC.,<br><br>Defendants. | Civil Action No. 24-1151-RGA |

MEMORANDUM ORDER

WHEREAS, Plaintiff on October 16, 2024, filed a complaint for patent infringement, asserting infringement of three patents by Defendants' Accused Products (Spikevax and mRESVIA);

WHEREAS, Defendants filed a motion to dismiss (D.I. 12), and it has been fully briefed (D.I. 13; D.I. 18; D.I. 21);

WHEREAS, Defendants essentially raise seven arguments;

WHEREAS, Defendants argue that Plaintiff has not alleged a claim for direct infringement, but Plaintiffs argue that Defendants directly infringe one of the patents, a method patent, under one of two theories, neither of which seems plausible,[1] and plausibly allege direct infringement of the other two when Defendants make and use the Accused Products (D.I. 1, ¶¶ 124, 136-37, 150-51);

---

[1] One theory is that Defendants "deliver[]" the Accused Products when a medical professional or a pharmacist administers the Accused Product, and the other is a "divided infringement" theory based on the idea that Defendants control the individual administering the Accused Products by the instructions on the label. I do not think either is a plausible theory based on the facts alleged.

Page 1 of 3

WHEREAS, Defendants argue that Plaintiff has not alleged a claim for indirect infringement because Plaintiff does not allege Defendants knew of the asserted patents, but the complaint alleges Plaintiff sent Defendants a letter, more than a year before the complaint was filed, "identifying their infringement of the [asserted patents]" (D.I. 1, ¶¶ 129; 143, 157), which is supported by a copy of an October 13, 2023, letter, which names only the three asserted patents (D.I. 14-1, Exh. 1);

WHEREAS, Defendants argue that Plaintiff's allegations of testing of the Accused Products (D.I. 1, ¶¶ 124; 138, 152) is protected conduct under the "Safe Harbor Provision," and Plaintiff respond correctly that Safe Harbor is an affirmative defense (D.I. 18 at 11) and in any event there are allegations that Defendants conducted commercial testing (D.I. 1 at ¶¶ 124, 138, 152) that is plausibly unprotected by the Safe Harbor Provision;

WHEREAS, Defendants assert that Plaintiff's allegations in support of contributory and § 271(f) infringement consists of boilerplate allegations (D.I. 13 at 15, 16-17, citing D.I. 1, ¶¶ 126, 140, 154), but Plaintiff responds with citations to factual allegations that support what would otherwise simply be boilerplate conclusions parroting the statutory requirements (D.I. 18 at 16);[2]

WHEREAS, Defendants argue the allegations of willful infringement are unsupported, but the same 2023 letter supports the willfulness allegations;

WHEREAS, Defendants argue that Plaintiff has not alleged a plausible basis for the Accused Products to "include an oligonucleotide that is 'physisorbed' to a surface," which is required by two of the three asserted patents (D.I. 13 at 17-18), but Plaintiff points to allegations to the contrary (D.I. 18 at 18), which I think are sufficient;

---

[2] I think, for example, that D.I. 1, ¶¶ 109, 111-12, 115, provide a factual basis for the conclusions. Plaintiff concedes that it does not have a § 271(f) claim against the method patent. (D.I. 18 at 12 n.7).

WHEREAS, Defendants assert that Plaintiff's "infringement theory" as to one of the three asserted patents renders that patent "patent-ineligible," but patent eligibility is determined with reference to the asserted patent, not Plaintiff's infringement theory;

NOW THEREFORE, the motion to dismiss (D.I. 12) is **DENIED** except that: (1) the allegations of direct infringement of the method patent under the "delivery" and the "divided infringement" theories are **DISMISSED**, and (2) the allegations of § 271(f) infringement against the method patent is **DISMISSED**.

IT IS SO ORDERED this 25th day of November, 2025.

_/s/ Richard G. Andrews_
United States District Judge